UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NACHMAN NACHMENSON,

                  Plaintiff,

      - against -

NEW YORK STATE DEPARTMENT OF
LABOR,

                  Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-5873

PAMELA K. CHEN, United States District Judge:

On December 20, 2020, Plaintiff Nachman Nachmenson filed this *pro se* action against the New York State Department of Labor ("Department of Labor") seeking damages and injunctive relief in connection with his application for unemployment insurance.[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Memorandum and Order.[2] The Complaint is hereby dismissed in its entirety without leave to amend.

## BACKGROUND

Plaintiff alleges that he requested unemployment benefits from the Department of Labor and did not receive them. (Dkt. 1, at ECF[3] 5.) According to Plaintiff, the Department of Labor's automated telephone system screens Plaintiff's calls and does not connect his calls unless he

---

[1] The Court notes that Plaintiff has previously filed seven other civil actions in this Court that were dismissed for failure to state a claim or for lack of subject matter jurisdiction. *See Nachmeson v. Kings County Supreme Court*, No. 20-CV-5905 (E.D.N.Y. Apr. 12, 2022) (collecting cases and ordering Plaintiff to show cause why a filing injunction should not be issued).

[2] Plaintiff's IFP application claims zero sources of income and $4 in cash or savings. It does not list any other assets or expenses. (*See* Dkt. 2.)

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

foregoes entering his social security number when prompted to do so. (*Id.*) Plaintiff alleges that on one occasion when he did not enter his social security number and his call was answered, an unidentified Department of Labor representative advised Plaintiff that he needed to provide his tax returns for the past three years. Plaintiff contends that he had already sent all required documents to the Department of Labor prior to that conversation. (*Id.*) Plaintiff alleges that the Department of Labor treated him differently because he and his wife "are poor Jews with 13 children," that it is "forbidden" for the Department of Labor to selectively not answer calls linked to his social security number, and that "New York only likes wealthy people and poor people that are not Jewish." (*Id.*)

Plaintiff attaches a letter addressed to the Department of Labor dated November 12, 2020. (*Id.* at 7.) The letter states that Plaintiff was out of work from March to November 2020, requests nine months of unemployment benefits payments, and provides a bank routing number. (*Id.*)

Plaintiff demands $7.7 million in damages payable to the federal government and seeks injunctive relief "oblig[ing] [the Department of Labor] to give [him] what [he] deserve[s]." (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation

2

omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## DISCUSSION

The Court lacks subject matter jurisdiction over Plaintiff's claim for damages, which is barred by the Eleventh Amendment. A plaintiff seeking to bring an action in federal court must establish that the court has subject matter jurisdiction over the action. Federal courts may consider subject matter jurisdiction *sua sponte* and, "[i]f subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).

The Eleventh Amendment provides immunity to states in suits brought against them in federal courts, absent the states' explicit consent or unequivocal Congressional abrogation of immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). "State immunity extends to state agencies and to state officers who act on behalf of the state." *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) (citation omitted); *see also Pennhurst*, 465 U.S. at 101–02 ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. . . . And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." (internal quotation marks omitted)). The "Eleventh Amendment immunity is an important aspect of our federal system of government in that it assures that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty

not to be amenable to suit by any individual litigant without the sovereign's consent." *CSX Transp.*, 306 F.3d at 94–95 (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)).

In *Ex Parte Young*, the Supreme Court recognized a narrow exception to state sovereign immunity: a party may bring claims based on federal law violations for *prospective* injunctive or declaratory relief against state officials. 209 U.S. 123, 155–56 (1908); *see also Chinn v. Univ. of New York Sch. Of Law at Queens College*, 963 F. Supp. 218, 225 (E.D.N.Y. 1997) ("To avoid a partial 'end-run' around Eleventh Amendment immunity, any remedy for past violations of federal law, including declaratory judgment, is barred." (quoting *Green v. Mansour*, 474 U.S. 64, 72–73 (1985))). Notably, the *Ex Parte Young* exception does not apply where a party seeks damages against state officials sued in their official capacity. *Pennhurst*, 465 U.S. at 101–02; *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974).

Here, the Department of Labor is an agency of the State of New York and is entitled to sovereign immunity. Plaintiff has not identified any waiver or Congressional abrogation of New York's sovereign immunity that would permit him to bring an action for damages or injunctive relief against the State of New York for alleged denial of unemployment insurance benefits. Accordingly, Plaintiff's claim for damages is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because, as discussed, suits for damages against states and their agencies are barred by the Eleventh Amendment.

With respect to Plaintiff's claim for prospective injunctive relief, assuming an ongoing denial of unemployment benefits, Plaintiff has failed to state a claim for a violation of his federal constitutional rights. The Court liberally construes the Complaint as alleging an equal protection claim against the Department of Labor related to its automated telephone system and the failure to provide to him the unemployment benefits he demanded.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. "The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). An equal protection claim can assert that discrimination was based on the plaintiff's membership in a vulnerable class or under theories of selective enforcement or as a "class of one." *See id.*; *AYDM Assocs., LLC v. Town of Pamelia*, 205 F. Supp. 3d 252, 265 (N.D.N.Y. 2016), *aff'd*, 692 F. App'x. 78 (2d Cir. 2017) (summary order).

Plaintiff claims that the Department of Labor treated him and his family differently because they are "poor Jews with 13 children" and that "a poor Jew gets an anti-sematic [sic] treatment." (Dkt. 1, at ECF 5.) In this case, regardless of whether the category of being a Jewish person with limited economic means could be considered a protected class, Plaintiff has not established that he was treated differently because of his membership in this group. Indeed, the only differential treatment he alleges is that the automated telephone system operated differently when he input his social security number than when he did not. (*Id.*) These allegations do not support an inference that he was treated differently than other similarly situated individuals using the automated system or that he was subjected to invidious discrimination at the hands of government officials. Accordingly, Plaintiff has failed to state a claim for equal protection.

The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) for lack of subject matter jurisdiction and failure to state a claim without leave to amend. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff at the address he initially provided and at P.O. Box 32036, Washington, D.C. 20007.[4]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2022
       Brooklyn, New York

---

[4] Although Plaintiff did not submit a change-of-address request in this case, he provided a different address in a different case pending before the Court. *See Nachmenson v. Gluck*, 22-CV-627 (LDH) (RML) (E.D.N.Y. Jan. 27, 2022).